UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY LEWIS,<br><br>         Petitioner,<br><br>v.<br><br>UNKNOWN,<br><br>         Respondent. | Case No.: 18cv2784-WQH (KSC)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

  Petitioner has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, but has failed to pay the $5.00 filing fee or submit a request to proceed in forma pauperis. The Petition is subject to dismissal without prejudice due to Petitioner's failure to satisfy the filing fee requirement, failure to name a respondent, and failure to sign the petition and complete the petition form.

## **FAILURE TO SATISFY FILING FEE REQUIREMENT**

  Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice to paying the filing fee or submitting a request to proceed in forma pauperis.

## **FAILURE TO SIGN PETITION**

  Rule 2(c) of the Rules Governing Section 2254 Cases provides that "[t]he petition must be printed, typewritten or legibly handwritten; and *be signed under penalty of perjury*

1

18cv2784-WQH (KSC)

*by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.*" Rule 2(c), 28 U.S.C. foll. § 2254 (emphasis added). In this case, Petitioner has failed to sign the Petition. In addition, he has failed to completely fill out the petition form. The Court therefore **DISMISSES** the action without prejudice. Petitioner may file a "First Amended Petition for Writ of Habeas Corpus," which is signed by Petitioner and filled out completely.

## FAILURE TO NAME A RESPONDENT

On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). "Typically, that person is the warden of the facility in which the petitioner is incarcerated." *Id.* Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long-standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d at 895.

2

18cv2784-WQH (KSC)

In this case, Petitioner has failed to name a Respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which he is presently confined or the Director of the California Department of Corrections and Rehabilitation. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## CONCLUSION AND ORDER

For the foregoing reasons, the Petition is **DISMISSED** without prejudice. To have this case reopened, Petitioner must submit, **no later than February 11, 2019,** a copy of this Order with the $5.00 fee, or with adequate proof of his inability to pay the fee, and file a First Amended Petition which cures the defects identified in this Order. The Clerk of Court shall send a blank Southern District of California In Forma Pauperis application and a blank Southern District of California amended petition form to Petitioner along with a copy of this Order.

**IT IS SO ORDERED.**

Dated: December 17, 2018

Hon. William Q. Hayes
United States District Court